# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MCI Communications Services, Inc. and MCImetro Access Transmission Services LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Maverick Cutting and Breaking LLC,<br><br>Defendant. | Case No. 17-cv-1117 (JRT/SER)<br><br>**ORDER** |

Seth J.S. Leventhal, Esq., Leventhal PLLC, Minneapolis, Minnesota, for Plaintiffs.

Rachel B. Beauchamp, Esq., Cousineau, Van Bergen, McNee & Malone, PA, Minnetonka, Minnesota, for Defendant.

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the Court on Plaintiffs MCI Communications Services, Inc. and MCImetro Access Transmission Services LLC's (collectively, "MCI") Motion to Amend Scheduling Order to File Amended Complaint and Add a Party Based on Newly Discovered Evidence ("Motion to Amend") [Doc. No. 23]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. For the reasons stated below, the motion is denied.

**I.     BACKGROUND**

On April 14, 2015, Defendant Maverick Cutting and Breaking LLC ("Maverick") severed several fiber-optic cables belonging to MCI as part of a construction project. *See* (Compl.) [Doc. No. 1 ¶¶ 14, 16]. The day after the incident, MCI representatives participated in a meeting with Carl Bolander & Sons LLC ("Bolander"), the subcontractor that hired Maverick,

and other entities. (Minutes, Ex. D, Attached to Aff. of Rachel Beauchamp in Opp'n to Mot. to Amend) [Doc. No. 30-1 at 10–13]; *see also* (Mem. in Supp. of Mot. to Amend, "Mem. in Supp.") [Doc. No. 25 at 2] (stating that at the time of this incident, "Maverick was working as a subcontractor for Bolander"). Maverick did not participate in the meeting.

MCI initiated this lawsuit alleging that Maverick is responsible for the damage to its cables under the legal theories of trespass, negligence, and statutory liability. (Compl. ¶¶ 12–26). Following a scheduling conference, the Court issued the Pretrial Scheduling Order setting November 3, 2017, as the last day for the parties to file motions to amend the pleadings to add claims or parties.[1] [Doc. No. 16 at 1].

During the course of discovery in June 2017, MCI sought documents including contracts relating to Maverick's work on the construction project from the City of St. Paul (the "City"), Kraemer North America, LLC ("Kraemer"), and Bolander.[2] (Proszek Decl. ¶¶ 5–6). When these three entities responded to the requests during the months of June through August 2017, none of them produced contracts. (*Id.* ¶¶ 8, 11–12). On March 22, 2018, however, Kraemer produced a contract between itself and the City (the "Kraemer Contract") and a contract between itself and Bolander (the "Bolander Contract") during Kraemer's corporate deposition. (*Id.* ¶ 15).

MCI filed its Motion to Amend on April 26, 2018, arguing that the recently produced contracts are new evidence that establish good cause for it to move to amend its complaint nearly six months after the deadline established in the Pretrial Scheduling Order. *See* (Mem. in Supp.). Specifically, MCI's proposed amended complaint adds Bolander as a party, adds a claim for breach of contract against Maverick and Bolander based on MCI's status as an intended

---

[1] Notably, this was the amended pleadings deadline the parties requested in their Rule 26(f) report.

[2] MCI submitted a public records request to the City, and served subpoenas duces tecum on Bolander and Kraemer. (Decl. of James J. Proszek in Supp. of Mot. to Amend, "Proszek Decl.") [Doc. No. 26 ¶¶ 5–6].

beneficiary of both the Kraemer and Bolander Contracts, and adds a claim for negligence against Bolander. (Proposed Am. Compl., Ex. 9, Attached to Proszek Decl.) [Doc. No. 26-9 at 1, 10–12]. The Court heard oral argument on June 13, 2018, and the matter is now ripe for adjudication. (Minute Entry Dated June 13, 2018) [Doc. No. 31].

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Good cause is an exacting standard that focuses on "the diligence with which the moving party attempted to comply with the scheduling order's deadlines and not on the prejudice to the non-moving party." *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1006 (D. Minn. 2013) (Keyes, Mag. J.) (citation omitted); *see also Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011).

### B.   Analysis

MCI has not established good cause. Scheduling orders "control litigation by managing the timing, sequence, and closing of pleadings," among other deadlines, as part of a court's "obligation to 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Target Corp.*, 960 F. Supp. 2d at 1007 (quoting Fed. R. Civ. P. 1). This Court in particular makes an effort to issue a pretrial scheduling order that is the same or substantially similar to the schedule the parties propose because, at the time of the pretrial scheduling conference, the parties—not the Court—know more about their case and the time it will take to effectively litigate it. To that end, the Court presumes that the parties will proceed with discovery diligently in an effort to keep the case on schedule. But that is not what happened in this case.

According to MCI's own timeline, as of August 2017, the City, Kraemer, and Bolander had all responded to its requests for documents. (Mem. in Supp. at 4–5). As MCI's counsel said during the hearing, MCI expected that contracts existed regarding this construction project and it therefore specifically noted that contracts were included in the types of documents it was looking for.[3]

When MCI learned that these productions did not include contracts, however, it took no action until the corporate deposition of Kraemer. MCI did not informally reach out to anyone at the City, Kraemer, or Bolander to ask whether contracts existed and why they had not been produced. Nor did it file a motion to compel Kramer or Bolander to produce the contracts MCI assumed existed.[4] *See* Fed. R. Civ. P. 37(a)(2) (stating that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken"); Fed. R. Civ. P. 37(a)(4) (stating that an incomplete disclosure "must be treated as a failure to disclose, answer, or respond"). Instead, the only action MCI took was to participate in Kraemer's corporate deposition in March 2018. The Court cannot conclude that taking no action once it was clear that no contracts were produced constitutes diligence in attempting to comply with the Pretrial Scheduling Order. Thus, the Court concludes that MCI has not established good cause and denies the Motion to Amend.[5]

---

[3]  For example, in its subpoena to Kraemer, MCI requested "[a]ll documents evidencing, referring or relating to any work you, Bolander and/or Maverick performed, or intended to perform, on the Project on or before April 14, 2015 . . . including, but not limited to, contracts, plans, drawings, bid documents, project specifications, invoices and/or inspection reports." (Ex. 2 at 5, Attached to Proszek Decl.) [Doc. No. 26-2].

[4]  It is unclear, but ultimately irrelevant, what recourse MCI had against the City in light of its tactical decision to submit a public records request instead of issuing a subpoena duces tecum to the City.

[5]  Because MCI has not satisfied this threshold burden of good cause, the Court need not consider Maverick's arguments that the amendment is futile. *See* (Def.'s Mem. of Law in Opp'n to Mot. to Amend) [Doc. No. 29 at 9–10, 12–13].

### III. CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs MCI Communications Services, Inc. and MCImetro Access Transmission Services LLC's Motion to Amend Scheduling Order to File Amended Complaint and Add a Party Based on Newly Discovered Evidence [Doc. No. 23] is **DENIED**.

Dated: June 15, 2018

                                             *s/Steven E. Rau*
                                             STEVEN E. RAU
                                             United States Magistrate Judge