UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC. and MCIMETRO ACCESS TRANSMISSION SERVICES LLC, | Civil No. 17-1117 (JRT/SER) |
| Plaintiffs, | **ORDER** |
| v. | |
| MAVERICK CUTTING & BREAKING LLC, | |
| Defendant. | |

Seth J. Leventhal, Esq., Leventhal PLLC, Minneapolis, Minnesota, for plaintiffs.

Rachel B. Beauchamp, Esq., Cosineau, Van Bergen, McNee & Malone, PA, Minnetonka, Minnesota, for defendant.

This matter comes before the Court on Plaintiffs MCI Communications Services, Inc. and MCIMetro Access Transmission Services LLC's (collectively, "MCI") objection to Magistrate Judge Rau's order denying Plaintiffs' Motion to Amend the Scheduling Order to File an Amended Complaint and Add a Party. (Pls.' Obj. to Order Den. Pls.' Mot. to Amend). For the reasons below this Court will deny Plaintiffs' motion.

**BACKGROUND**

On April 14, 2015, while Defendant Maverick Cutting and Breaking LLC ("Maverick") was performing sawcutting work, Maverick cut two fiber-optic cables

belonging to MCI. (Compl. ¶¶ 14, 16, Docket No. 1). Maverick was working at the direction of Carl Bolander & Sons ("Bolander"), a subcontractor working on a bridge construction project for the City of Saint Paul. (Aff. of Rachel Beauchamp, Exs. A-D, Docket No. 30-1). Bolander prepared an incident report stating, "Maverick Saw Cutting was instructed to cut the road surface . . . ." (*Id.* Ex. B p.1). Further, Bolander assisted Verizon, the sole member of MCIMetro Access Transmission Services LLC, in its post-incident investigation. (*Id.* Ex. D p.2). A Verizon Damage Claims Web report, presumably prepared by Verizon, states, "I believe Carl Bolander should be billed. they [sic] did not pot hole our cable on site before work started." (*Id.* Ex. E, pg. 4). MCI was also aware that Kraemer North America, LLC ("Kraemer") was a key player in this project because MCI sought discovery from Kraemer. (Proszek Decl. ¶¶ 5-7; *see* Aff. of Rachel Beauchamp, Ex. D).

MCI brought this action alleging trespass, negligence, and statutory liability against Maverick on April 11, 2017. (Compl. ¶¶ 12-26). The court issued the Pretrial Scheduling Order after a scheduling conference. (Pretrial Scheduling Order, Docket No. 16). Parties requested a deadline of November 3, 2017 as the last day for the parties to file motions to amend the pleadings to add claims or parties. (Order dated June 15, 2018 p.2, Docket No. 33). The court agreed and set November 3, 2017 as the deadline.

MCI sought documents, including contracts that they believed existed, related to Maverick's work on the work project from Kraemer, Bolander, and the City of Saint Paul. (Proszek Decl. ¶¶ 5-6). The last response from these three entities occurred in August 2017, and none of the three produced any contracts related to the work project. (*Id.* ¶¶ 8,

11-12). MCI then chose to depose witnesses. On March 22, 2018, Kraemer produced a contract between itself and the City of Saint Paul ("Kraemer Contract") and a contract between itself and Bolander ("Bolander Contract") at its deposition. (*Id.* ¶ 15).

MCI filed a Motion to Amend on April 26, 2018 arguing that the contracts were new evidence that established good cause to amend its Complaint. (*See* Mem. in Supp. of Mot. to Amend Scheduling Order, Docket No. 25). The Magistrate Judge denied this motion in an Order. (Order dated June 15, 2018, Docket No. 33). MCI appealed the order. (Pls.' Obj. to Order Den. Pls.' Mot. to Amend June 29, 2018, Docket No. 34).

## DISCUSSION

### I. STANDARD OF REVIEW

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." *Skukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). For an order to be clearly erroneous, the district court must be "left with a definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "[T]he district court has inherent power to review the final decision of its magistrates." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

## II. LEAVE TO AMEND THE COMPLAINT

When a party seeks to amend a complaint outside of the applicable scheduling order, the Court must first find that there is good cause for doing so. Fed. R. Civ. P. 16(b)(4); *see also Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *overruled on other grounds in Avichail ex rel. T.A. v. St. John's Mercy Health Sys.*, 686 F.3d 548, 552 (8th Cir. 2012)).

### A. Clearly Erroneous

The Magistrate Judge's order was not clearly erroneous, and was well within the Magistrate Judge's discretion to deny. The Court has discretion to allow leave for parties to amend pleadings outside of a showing of diligence so long as good cause is satisfied, but MCI has not done so here. MCI correctly cites to *Portz v. St. Cloud State University,* noting that diligence is not the only method of showing good cause. *See* 2017 WL 3332220, 2017 U.S. Dist. LEXIS 123495 (D. Minn 2017). In *Portz*, unlike here, the plaintiffs' showing of good cause did not rely solely on new evidence. *Id.* at *4. In *Portz*, the plaintiffs requested documents from the defendant, and the defendant twice asked plaintiffs for extensions of the deadline to comply, delaying the document production two weeks. *Id.* at *1. Despite these deadline extensions, defendant failed to meet the deadline and produced to plaintiffs two CDs containing vast amounts of information more than two

weeks after the production deadline, and only two weeks before the deadline to amend the pleadings. *Id.* at *2. Plaintiffs then filed a motion to amend the complaint based on new evidence one day after the deadline for amending the pleadings had passed. *Id.* In granting plaintiffs' motion to amend, the Court considered the fact that plaintiffs had discovered new evidence in addition to the delay caused by defendants in producing requested documents; the plaintiffs missing the deadline by only one day; the plaintiffs filing the motion only a little over two weeks after receiving significant discovery and under seven months after filing the initial complaint; the plaintiffs filing the motion four months before the close of discovery; and the defendants not being prejudiced by the granting of the motion. *Id.* at *4. Here, MCI discovered new evidence, but missed the deadline to amend by more than five months; no defendants requested extensions to the production deadlines causing MCI any delay in reviewing documents; MCI waited over a month to file the motion after receiving the Kraemer Contract and Bolander Contract; the motion was filed over a year after the initial complaint; MCI filed the motion only five days before the close of fact discovery, and just over two months before the close of expert discovery; Maverick would be prejudiced. MCI has not shown that it was diligent in discovery or in filing the Motion to Amend the Scheduling Order to File Amended Complaint and Add a Party.

### B. Contrary to Law

The Magistrate Judge's order was not contrary to law as a court has wide discretion to grant or deny a motion to amend the pleadings after the deadline to do so has passed. Although there is no law or duty requiring a party to informally reach out to the targets of

discovery upon not receiving certain documents that the party believes to exist, it is not contrary to law for the Magistrate Judge to view the party's inaction as failing in diligence. As stated in *Portz,* "there is not a clear test for when a party is diligent enough to establish good cause." *Portz*, 2017 WL 3332220 *4. As such, the Magistrate Judge requiring more than inaction from MCI does not contradict any law.

MCI argues that repeatedly seeking documents that may not exist may be perceived as harassing, vexatious, or as a fishing expedition, but the case MCI cites is inapplicable here. In *Roberts v. Shawnee Mission Ford, Inc.*, the repeated requests were considered a fishing expedition because they were subpoenas that were not directed at obtaining relevant discoverable information, and were served on non-parties to the action. 352 F.3d 358, 361 (8th Cir. 2003). While repeated **formal** requests, such as the subpoenas in *Roberts*, that seek irrelevant non-discoverable information may be a fishing expedition, should MCI have reached out informally to Maverick for documents directly related to the action, it is unlikely that a Court would have found that to be a fishing expedition. Furthermore, the Magistrate Judge did not set an impractical and inefficient standard for diligence by requiring MCI to reach out to Maverick informally. The facts particular to this action, specifically that MCI had expected contracts between the contractors, and the City of Saint Paul to exist, that it was likely such contracts existed because this was a public work order, and that no contract was produced pursuant to document requests, do not make this an impractical and inefficient standard for this case. The Magistrate Judge does not set a standard for all cases, but requires more of MCI than inaction upon receiving no contracts.

The Magistrate Judge's order was not clearly erroneous, and was well within the Magistrate Judge's discretion to deny. The Magistrate Judge's order was not contrary to law as a Court has wide discretion to grant or deny a motion to amend the pleadings after the deadline to do so has passed. After review of the Report and Recommendation the Court finds that the Magistrate Judge appropriately denied MCI's Motion. Accordingly, the Court overrules MCI's appeal and adopts the Report and Recommendation of the Magistrate Judge.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. MCI's Objection to Magistrate Judge Rau's Order Denying Plaintiffs' Motion to Amend Scheduling Order to File Amended Complaint and Add a Party Based on Newly Discovered Evidence [Docket No. 34] is **DENIED**.

DATED: September 24, 2018              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                            Chief Judge
                                           United States District Court